UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DOMINIQUE L. BEEKS,

    Plaintiff,

v.                                          Case No.  3:19-cv-774-J-34MCR

HMC ASSETS, LLC, et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION[1]**

**THIS CAUSE** is before the Court on *pro se* Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs ("Application") (Doc. 2).  For the reasons stated herein, the undersigned recommends that the Application be **DENIED** and the case be **DISMISSED without prejudice**.

A court receiving an application to proceed *in forma pauperis* must dismiss the case *sua sponte* if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  An

---

[1] "Within 14 days after being served with a copy of [a report and recommendation on a dispositive motion], a party may serve and file specific written objections to the proposed findings and recommendations." Fed.R.Civ.P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made.  *See* Fed.R.Civ.P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; M.D. Fla. R. 6.02.

action fails to state a claim on which relief may be granted if it fails to include "a short and plain statement of the claim showing that the pleader is entitled to relief." *Harper v. Lawrence Cnty., Ala.*, 592 F.3d 1227 (11th Cir. 2010) (citing Fed.R.Civ.P. 8(a)(2), 12(b)(6)).  To show entitlement to relief, Plaintiff must include a short and plain statement of facts in support of his claims.  Fed.R.Civ.P. 8(a).  This statement of facts must show the plausibility of Plaintiff's claims. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).  "[L]abels and conclusions" are not enough to satisfy the "plausibility" standard.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In addition, the court must dismiss the action *sua sponte* if it "determines at any time that it lacks subject-matter jurisdiction."  Fed.R.Civ.P. 12(h)(3); *see also Blankenship v. Gulf Power Co.*, 551 F. App'x 468, 470 (11th Cir. 2013) (per curiam) (same); *Walker v. Sun Trust Bank of Thomasville, GA*, 363 F. App'x 11, 15 (11th Cir. 2010) (per curiam) ("[A] district court may *sua sponte* consider whether it has subject matter jurisdiction over a plaintiff's claims.").

> Subject matter jurisdiction in a federal court may be based upon federal question jurisdiction or diversity jurisdiction.  28 U.S.C. §§ 1331, 1332.  Diversity jurisdiction exists where the plaintiffs and defendants are citizens of different states, and the amount in controversy exceeds $75,000. . . .  Absent diversity of citizenship, a plaintiff must present a substantial federal question in order to invoke the district court's jurisdiction.

*Walker*, 363 F. App'x at 15 (internal quotation marks omitted).  "[E]ven a claim that arises under federal law may be dismissed for lack of subject matter jurisdiction if (1) the claim clearly appears to be immaterial and made solely for

the purpose of obtaining jurisdiction, or (2) the claim is wholly insubstantial and frivolous." *Blankenship*, 551 F. App'x at 470 (internal quotation marks omitted). A claim is wholly insubstantial and frivolous if it "has no plausible foundation, or if the court concludes that a prior Supreme Court decision clearly forecloses the claim." *Id.* at 470-71 (internal quotation marks omitted).

*Pro se* Plaintiff, Dominique L. Beeks, initiated this action on June 26, 2019 by filing a Complaint for the Conversion of Property with this Court ("Complaint") (Doc. 1), along with the Application (Doc. 2). On July 16, 2019, Plaintiff filed an Amended Complaint for the Conversion of Property ("Amended Complaint"). (Doc. 4.) In the Amended Complaint, Plaintiff alleges that beginning on May 8, 2017, she initiated attempts to perfect title to real property located in Jacksonville, Florida, which she claims was abandoned, through adverse possession. (*See id.* at 6.) Plaintiff alleges that Defendants wrongfully obtained a certificate of title to said property after foreclosure proceedings in State court and wrongfully evicted Plaintiff after obtaining a writ of possession purportedly in violation of, *inter alia*, Fla. Stat. § 95.18(8) and the Fourteenth Amendment.[2] (*Id.* at 6-8, 10.)

---

[2] The undersigned takes judicial notice of the docket of the foreclosure action filed against Terrance Lawton, Wakita Lyons, Victoria Preserve Homeowners Association Inc., Secretary of Housing and Urban Development, Unknown Tenant 1, and Unknown Tenant 2 (Case No. 16-2016-CA-000687), filed in the Circuit Court, Fourth Judicial Circuit, in and for Duval County, Florida. *See Universal Express, Inc. v. U.S. SEC*, 177 F. App'x 52, 53 (11th Cir.) (stating that a court may take judicial notice of public records, such as a complaint filed in another court); *see also Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1277-78, 1280 (11th Cir. 1999); *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (per curiam). A review of

Through this federal action, Plaintiff contests the validity of the foreclosure sale and requests, *inter alia*, that the foreclosure sale and judgment be set aside, and that this Court "make null and void" a trial court order in the underlying foreclosure proceedings titled "Order Granting Plaintiff's Motion to Vacate the Foreclosure Sale Held on July 14, 2016, Vacate the Certificate of Title, Vacate the Final Judgment of Mortgage Foreclosure and Motion for Leave to File Amended Complaint." (*Id.* at 7, 27.)  Plaintiff also seeks restitution, punitive damages, and sanctions against Defendants.  (*Id.* at 10.)

Construing Plaintiff's Amended Complaint liberally, it appears that Plaintiff seeks to appeal a final judgment entered in favor of Defendant in State court. However, this Court does not have jurisdiction to hear appeals of state court decisions.  The only federal court that can hear an appeal of a state court final judgment is the United States Supreme Court.  *Seltz v. Medina*, No. 2:13-cv-394-FtM-38DNF, 2013 WL 2920415, *2 (M.D. Fla. June 13, 2013) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-83 (1983)).  Under the *Rooker-Feldman* doctrine, a federal district court lacks subject matter jurisdiction to directly or

---

the State court docket shows that Plaintiff filed a motion to vacate the eviction order on December 7, 2017, which was denied.  Plaintiff also sought appellate review by the First District Court of Appeal of Florida, but the court ultimately affirmed the State trial court's order granting the writ of possession.  *Beeks v. HMC Assets, LLC*, 262 So.3d 829, 829-30 (Fla. Dist. Ct. App. 2018), *reh'g denied* (Jan. 28, 2019) (per curiam) ("Because Appellant, Dominique Beeks, fails to establish any ground for reversal of the order on appeal, the order granting the motion for writ of possession after the foreclosure sale is affirmed on the merits.").

4

indirectly review an unfavorable state judgment. *Feldman*, 460 U.S. at 476; *Rooker*, 263 U.S. at 416. "The doctrine applies both to federal claims raised in the state court and to those inextricably intertwined with the state court's judgment." *Casale v. Tillman,* 558 F.3d 1258, 1260 (11th Cir. 2009) (quotations and citation omitted). "A claim is inextricably intertwined if it would effectively nullify the state court judgment, or it succeeds only to the extent that the state court wrongly decided the issues." *Id.* (quotations and citations omitted). "The *Rooker-Feldman* doctrine makes clear that federal district courts cannot review state court final judgments because that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court." *Casale*, 558 F.3d at 1260 (citation omitted); *see also Pompey v. Broward Cnty.*, 95 F.3d 1543, 1550 (11th Cir. 1996) ("Neither federal district courts nor federal courts of appeals may usurp the authority and function of the Supreme Court and state appellate courts to review state court proceedings.").

Here, as Plaintiff alleges injuries caused by an adverse State court judgment, the *Rooker-Feldman* doctrine is implicated. *Exxon Mobil. Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Moreover, Plaintiff's claims are inextricably intertwined with the state court action as the relief sought would effectively nullify the state court judgment. *See Kohler v. Garlets,* 578 F. App'x 862, 864 (11th Cir. 2014) ("To the extent Mr. Kohler claims that he was injured by the state court's foreclosure order and seeks 'a determination as to the title and rights and interests' of the foreclosed-upon property . . . the district court properly

5

ruled that his claims were barred by the *Rooker–Feldman* doctrine, as these claims are inextricably intertwined with the state court's foreclosure judgment."); *Springer v. Perryman*, 401 F. App'x 457, 458 (11th Cir. 2010) (affirming the *Rooker-Feldman* doctrine precluded review of the plaintiff's Section 1983 claims alleging constitutional violations during state court proceedings, including violations of the Seventh Amendment, and finding the claims were inextricably intertwined with the state court's judgment).  Therefore, to the extent Plaintiff's State court actions were completed at the time Plaintiff initiated this case, the *Rooker-Feldman* doctrine precludes this Court from exercising subject matter jurisdiction over Plaintiff's claims.[3]  For these reasons, the Court can, *sua sponte*, dismiss this action.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii); Fed.R.Civ.P. 12(h)(3).

Thus, Plaintiff's Complaint should be dismissed without prejudice under the *Rooker-Feldman* doctrine.  Although a *pro se* plaintiff is usually given at least one opportunity to amend her complaint, it would be futile to do so here in light of the relief requested in this case.

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Application (**Doc. 2**) be **DENIED**.

---

[3] Even if the underlying foreclosure proceedings were ongoing, absent extraordinary circumstances, interference in such proceedings by this Court would be precluded under the *Younger* doctrine.  *See Younger v. Harris*, 401 U.S. 37 (1971); *see also, e.g.*, *Oliver v. Circuit Court of Russell County*, 2013 WL 6096371, *5 (M.D. Ala. Nov. 20, 2013); *Sergeon v. Home Loan Ctr., Inc.*, 2010 WL 5662930, *3 (M.D. Fla. Oct. 26, 2010) (citing a number of "federal cases recognizing that *Younger* abstention is appropriate when granting the relief requested in a federal court action would have the effect of interfering with an ongoing state court mortgage foreclosure action") (report and recommendation adopted by 2011 WL 308176 (M.D. Fla. Jan. 27, 2011)).

6

    2.       The case be **DISMISSED without prejudice**.

    3.       The Clerk of Court be directed to terminate any pending motions and close the file.

**DONE and ENTERED** in Jacksonville, Florida on September 5, 2019.

                                                MONTE C. RICHARDSON
                                               UNITED STATES MAGISTRATE JUDGE

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

*Pro Se* Plaintiff

Counsel of Record