**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

DOMINIQUE L. BEEKS,

    Plaintiff,

vs.                                                                 Case No. 3:19-cv-774-J-34MCR

HMC ASSETS, LLC, et al.,

    Defendants.
_____/

## O R D E R

**THIS CAUSE** is before the Court on the Report & Recommendation (Doc. 14; Report), entered by the Honorable Monte C. Richardson, United States Magistrate Judge, on September 5, 2019. In the Report, Judge Richardson recommends that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, which the Court construes as a Motion to Proceed In Forma Pauperis (Doc. 2; Motion), be denied, and that this case be dismissed without prejudice. See Report at 1, 6-7. Specifically, the Magistrate Judge determined that the Court lacks subject matter jurisdiction over this action pursuant to the Rooker-Feldman doctrine.[1] Plaintiff filed objections to the Report on September 24,

---

[1] See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). Specifically, the Magistrate Judge found that the Rooker-Feldman doctrine applied "to the extent Plaintiff's State court actions were completed at the time Plaintiff initiated this case. See Report at 6. Alternatively, the Magistrate Judge reasoned that "if the underlying foreclosure proceedings were ongoing," then this action would be precluded by the Younger doctrine. See id. at 6 n.3 (citing Younger v. Harris, 401 U.S. 37 (1971)). Because the Court finds that the underlying state court action had concluded prior to the filing of the instant lawsuit, the Court need not consider the Magistrate Judge's alternative finding. In the instant lawsuit Plaintiff challenges the decision of Florida's First District Court of Appeal affirming an order granting a motion for writ of possession. The appellate court entered its ruling on December 5, 2018, and denied rehearing on January 28, 2019. See Beeks v. HMC Assets, LLC, 262 So. 3d 829 (Fla. 1st Dist. Ct. App. Dec. 5, 2018) reh'g denied Jan. 28, 2019. Plaintiff initiated the instant lawsuit on June 26, 2019, well after the time for seeking discretionary review from the Florida Supreme Court had expired. See Rule 9.120(b), Florida Rules of Appellate Procedure. Moreover, the Court has reviewed the state court dockets

2019.  See Plaintiff Objection and Response to Report and Recommendation (Doc. 16; Objections).  In the Objections, Plaintiff continues to argue the substance of her claims. Significantly, Plaintiff argues that the "reasonable questions presented" in this lawsuit include whether this Court should "vacate" the "amendend [sic] complaint to foreclose mortgage," and whether the foreclosure sale is "null, void and unconstitutional under state law." See id. at 5-6.  Plaintiff does not, however, identify any factual errors in the Report. Nor does she address or object to the Magistrate Judge's recommended legal conclusion that this matter is barred by the Rooker-Feldman doctrine.

In addition, on August 30, 2019, Defendants filed a motion to dismiss the amended complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure (Rule(s)).  See Defendants' Motion to Dismiss Plaintiff's Amended Complaint (Doc. 13; Motion).[2]  In the Motion, Defendants argue, inter alia, that Plaintiff's claims are barred by the Rooker-Feldman doctrine.  See Motion at 6-7.  Plaintiff responded to the Motion on September 10, 2019.  See Plaintiff Objection to Defendants Motion to Dismiss Complaint for the Conversion of Property Case (Doc. 15; Response).  As with her Objections, Plaintiff does not address the Rooker-Feldman doctrine and continues to argue that the underlying decision of Florida's First District Court of Appeal was in error.  See id. at 1-5.  Indeed, Plaintiff requests that this Court "reinstate" a prior order of the state court, and vacate the

---

and neither party has taken any further action since the appellate court denied plaintiff's motion for clarification on April 10, 2019.  See Beeks v. HMC Assets, LLC, Case No. 1D17-5145 (Fla. 1st Dist. Ct. App. 2019).  Accordingly, prior to the filing of the instant lawsuit, the state court action "ha[d] reached a point where neither party [sought] further action," as required for application of the Rooker-Feldman doctrine.  See Velazquez v. S. Fla. Fed. Credit Union, 546 F. App'x 854, 857-58 (11th Cir. 2013).

[2] On August 9, 2019, Defendants filed Defendants' Motion for Extension of Time to Respond to the Amended Complaint (Doc. 8; Motion for Extension).  Plaintiff opposed the Motion for Extension.  See Motion to Deny Request for Extension of Time to Respond (Doc. 11).  Because the Court finds good cause for the brief extension of time requested, the Court will grant the Motion for Extension and deem the Motion to Dismiss timely filed.

"certificate of sale," "certificate of title," and "final judgment of mortgage foreclosure" due to "egregious errors throughout the case." Id. at 15-16.

The Court "may accept, reject, or modify, in whole or in part, the finding or recommendations by the magistrate judge." 28 U.S.C. § 636(b). If no specific objections to findings of facts are filed, the district court is not required to conduct a de novo review of those findings. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); see also 28 U.S.C. § 636(b)(1). However, the district court must review legal conclusions de novo. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); United States v. Rice, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615, at *1 (M.D. Fla. May 14, 2007).

Upon independent review of the file[3] and for the reasons stated in the Magistrate Judge's Report, the Court will overrule the Objections and accept and adopt the legal and factual conclusions recommended by the Magistrate Judge. Because the Court agrees with the Magistrate Judge that this action is due to be dismissed without prejudice pursuant to the Rooker-Feldman doctrine, the Court will also grant Defendants' Motion on that basis.[4] Accordingly, it is hereby

---

[3] The Court notes that in her Amended Complaint for the Conversion of Property (Doc. 4), Plaintiff Dominique L. Beeks purported to name an additional plaintiff, Gods Distribution and Transition Center, Inc. See Amended Complaint at 4. However, as a pro se plaintiff, Beeks is not permitted to represent a corporate entity in this action. See Local Rule 2.03(e), United States District Court, Middle District of Florida ("A corporation may appear and be heard only through counsel admitted to practice in the Court . . . ."). As such, Gods Distribution and Transition Center, Inc. has not been added to the docket in this case.

[4] Although Defendants seek dismissal with prejudice, see Motion at 7, "a Rooker-Feldman dismissal is a dismissal for lack of subject matter jurisdiction, and '[a] dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice.'" See Ramos v. Tomasino, 701 F. App'x 798, 805 (11th Cir. 2017) (quoting Stalley v. Orlando Reg'l Healthcare Sys., Inc., 524 F.3d 1229, 1232 (11th Cir. 2008)).

In addition, the Court notes that while it is typically appropriate to allow a pro se plaintiff an opportunity to amend her pleadings prior to dismissal, "courts are not required to grant leave to amend where amendment would be futile." See Jones v. CitiMortgage, Inc., 666 F. App'x 766, 777-78 (11th Cir. 2016); Cavero v. One West Bank FSB, 617 F. App'x 928, 931 (11th Cir. 2015). Here, as Plaintiff has already amended her complaint once, and is seeking relief that is plainly barred by the Rooker-Feldman doctrine, the Court agrees with the Magistrate Judge's recommendation that any further amendment would be futile. See Report at 6.

**ORDERED:**

1. Plaintiff's Objections (Doc. 16) are **OVERRULED**.

2. The Magistrate Judge's Report & Recommendation (Doc. 14) is **ADOPTED** as set forth in this Order.

3. The Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) (Doc. 2), construed as a Motion to Proceed In Forma Pauperis, is **DENIED**.

4. Defendants' Motion for Extension of Time to Respond to the Amended Complaint (Doc. 8) is **GRANTED**.

5. Defendants' Motion to Dismiss Plaintiff's Amended Complaint (Doc. 13) is **GRANTED** to the extent set forth above.

6. This case is **DISMISSED without prejudice** for lack of subject matter jurisdiction.

7. The Clerk of Court is directed to terminate all pending motions and deadlines as moot and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 3rd day of October, 2019.

*(signature)*
MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Party